968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martha M. SMITH, a/k/a/ Martha M. Saemenes, Petitioner-Appellant,
v.
BUTLER COUNTY JAIL and Attorney General of Kansas,
Respondents-Appellees.
 No. 91-3386.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Martha Smith, a state inmate, appeals the denial of her pro se petition for habeas corpus relief. We grant permission to proceed in forma pauperis and affirm.
 
 
 3
 Ms. Smith was convicted in state court and appealed her conviction. During the appeal process her appeal bond was revoked by the state court. Ms. Smith then filed her pro se habeas corpus petition with the United States District Court asking it to reinstate her appeal bond. This was filed by Mark R. Saemenes, acting through a purported power of attorney. Mr. Saemenes is not an attorney-at-law. Petitioner followed this filing with numerous filings, which can at the best be described as a request that the federal court review the decisions of the state court.
 
 
 4
 In the meantime the Kansas Court of Appeals affirmed Ms. Smith's conviction. The district court concluded Ms. Smith had failed to raise any constitutional issue for review, and ruled the bond issue moot. Accordingly, the court dismissed the action.
 
 
 5
 Ms. Smith now appeals pro se asserting: "(1) of the Writ And that this was the conviction of terraistic [sic] threat"; and "(2) of the Writ was the Bond being revoke [sic] by the lower court." Ms. Smith expresses her displeasure that the United States District Court neither addressed the issues she raised nor addressed her "safety and health." She asks this court to grant her motion for stay and release her from confinement.
 
 
 6
 Ms. Smith also now attacks her state conviction alleging in conclusory terms that it was "obtained by the knowing use of perjured testimony ... by a mentally incompetent witness." She also argues that she was denied compulsory process; asserts the sentence was cruel and unusual; and asks that the mental incompetent change his testimony.
 
 
 7
 Ms. Smith fails to understand that federal courts do not correct errors allegedly made by state courts, nor do federal courts act as appellate courts for state courts. If Ms. Smith wishes to challenge her state court conviction in federal court she (and not her layman attorney in fact) must file a habeas corpus petition showing specific facts (not conclusions) which indicate she is unlawfully incarcerated and identify which of her constitutional rights were violated. She must also show she has exhausted her state remedies and allowed the state court an opportunity to decide all issues. This she has not done.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3